[Cite as *Smith v. Richfield Twp. Bd. of Zoning Appeals*, 2012-Ohio-1175.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROBERT SMITH

      Appellant

v.

RICHFIELD TOWNSHIP BOARD OF
ZONING APPEALS

      Appellee

C.A. No.     25575

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-08-6110

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

MOORE, Judge.

{¶1} Appellant Robert Smith, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} Appellant Robert Smith owns real property located at 2788 Boston Mills Road in Richfield Township, Ohio. The property is located in the "R-1 Rural Residential zoning district" and is subject to Richfield Township's Zoning Resolution. In 2008, the zoning inspector received phone calls from residents that lived near the property complaining of commercial activities being conducted on the property. The complaints included an increase in traffic, employees entering and leaving the property, and various FedEx and UPS shipments throughout the day and night.

{¶3} As a result of the complaints, the inspector investigated the activities on the property. The inspector met with Smith and took photographs of vehicles on the property.

Smith confirmed that the vehicles were owned by people assisting him with his business that he admitted was being run on the property. As a result of the investigation, on February 3, 2009, the inspector sent Smith a letter notifying him that an accessory building on his property violated the setback requirements, and that the commercial activity he was engaging in violated the Home Occupation restrictions. Smith was informed that he should cease such commercial activities.

{¶4} On February 23, 2009, Smith filed two separate appeals, one for the Home Occupation violations, and one requesting a variance for the setback violation. A hearing was held on June 30, 2009 before the Board of Zoning Appeals ("BZA"). At the hearing, the inspector testified about her observations and her discussions with Smith. She introduced photographs of the employee vehicles on the property. In addition, she introduced photographs of the employee vehicles parked at a nearby inn. She testified that the employees started using the inn parking lot after she sent the February 3, 2009 notice to Smith. They would park in the inn parking lot, and then carpool to Smith's property. Finally, she introduced a copy of an email she received from Smith with a business heading that identified the address of the business as the property address. Two neighbors testified as to Smith's admissions that he was running a commercial business on the property, and their own observations of the outside employees and the associated vehicle traffic.

{¶5} At the hearing, the Richfield Township Board of Zoning Appeals rendered a decision on the Home Occupation appeal and found that Smith had engaged in commercial activity in violation of the Home Occupation restrictions. The BZA did not render a decision on the variance appeal because Smith requested a continuance to obtain a survey. The variance appeal was heard at hearings on July 20, 2009 and August 19, 2009. The BZA granted Smith's request for variance, but imposed conditions on the variance.

{¶6} Pursuant to R.C. 2506, Smith appealed both BZA decisions to the Summit County Court of Common Pleas. The appeals were consolidated into a single action. On August 6, 2010, the trial court affirmed the decisions of the BZA.

{¶7} Smith timely filed a notice of appeal. He raises three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN AFFIRMING THE BZA'S DECISION SINCE THE BZA EXCEEDED ITS STATUTORY AUTHORITY WHEN IT IMPOSED CONDITIONS ON THE USE OF [] SMITH'S PROPERTY WHICH HAVE NO REASONABLE RELATIONSHIP TO THE GRANT OF A DE MINIMIS AREA VARIANCE, WHICH PROHIBIT AN OTHERWISE PERMITTED USE, AND WHICH ARE ARBITRARY AND CAPRICIOUS.

{¶8} In his first assignment of error, Smith argues that the trial court erred in affirming the BZA's decision because the BZA exceeded its statutory authority when it imposed various conditions on the use of Smith's property when it granted the area variance. We agree.

{¶9} This case is an administrative appeal under R.C. 2506. The standard of review that an Appellate court applies to an R.C. Chapter 2506 administrative appeal differs from the standard of review that the trial court applies. The trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000). An appellate court's review of an R.C. 2506 appeal, however, is "more limited in scope." *Id.*, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).

> This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial,

reliable and probative evidence," as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

*Henley*, 90 Ohio St.3d at 147. (Citations omitted).

{¶10} Smith's first assignment of error pertains to the BZA's grant of a rear setback zoning variance that imposed various conditions on the use of the property. Smith is the owner of the real property in question located in Richfield Township, Ohio. The zoning ordinance required the structure on the property to have a rear setback of 60 feet. The property violated this ordinance by 4.3 feet. The BZA granted a variance for the rear setback, but included conditions on the use of the property. In a separate decision, the BZA determined that Smith had violated the Home Occupation section of the Richfield Township Zoning Ordinance. Smith argues that the conditions imposed on the use of the property were the BZA's "attempt to 'punish' [him] for its belief that he violated the 'home occupation' ordinance." He contends that the conditions were "illegally and unconstitutionally imposed."

{¶11} Ohio courts have held that "conditional variances granted by the BZA, pursuant to R.C. 519.14(C), are constitutionally permissible so long as the BZA applies and interprets existing law and does not promulgate new law." *Sloe v. Russell Twp. Bd. of Zoning Appeals*, 11th Dist. No. 2001-G-2369, 2002-Ohio-5150, ¶ 28, citing *Powerall Inc. v. Chester Twp. Trustees*, 11th Dist. No. 1037, 1983 WL 6005, *2 (Dec. 9, 1983).

{¶12} "[C]onditional variances granted by the [BZA] pursuant to R.C. 519.14(C) are constitutionally permissible because the conditions attached to the grant are provided for, and specifically authorized by a zoning resolution which was adopted by the township trustees – a legislative body." *Id.*

**{¶13}** The conditions imposed in Mr. Smith's variance include the following:

1) The gravel area to the south of the accessory building is to be removed no later than June 30, 2010.

2) The area to the south of the accessory building where the gravel has been removed must be planted in grass/lawn (similar to that in the area around the primary residence) no later than June 30, 2010.

3) Evergreen trees such as hemlocks or arbor vitae must be installed along the southerly and westerly property lines in the areas shown on the "BZA Revised Exhibit E-1" * * *.

4) Landscaping comparable to the other landscaping on the subject property shall be installed, replaced and maintained on the southerly and easterly sides of the accessory building along the entire side of the accessory building.

5) There shall be no parking of any type or nature outside of the accessory building: (a) between the building and the southerly and westerly property lines; (b) between the northern portions of the accessory building and the pool on the north side and (c) the easterly side of the accessory building and the easterly property line, as shown on the "BZA Revised Exhibit E-1".

6) No portion of the subject property shall be used for commercial purposes or the uses described in the RTZR Resolution 566-09.

7) The accessory building shall be used in conjunction with the uses associated with rural residential zoning district such as the parking of passenger vehicles (not commercial equipment or vehicles) wholly inside the accessory building and the storage of landscaping and maintenance equipment used solely in conjunction with the rural residential use of the subject property. There shall be no storage of any material, vehicles or equipment related to any commercial uses either on or off the subject property.

8) The accessory building shall be as shown on Exhibit E and no additions shall be made to the accessory building other than as shown on Exhibit E.

9) The accessory building cannot be replaced or reconstructed within the rear or westerly side yard setback without first obtaining a new variance from the Board.

10) The accessory building shall be maintained in a clean and orderly fashion and repaired as required.

11) The accessory building shall comply with all other requirements of the RTZR including the height of the accessory building.

12) Applicant shall remove all scrap, rubble, piles of dirt and other material and all building materials from the subject property, including without limitation all materials and similar material not associated with the uses aforementioned located on the west and south sides of the accessory building, no later than October 31, 2009, provided, however, landscaping piles customarily found on rural residential property shall be permitted provided it is located no less than 40 feet from all property lines.

13) Applicant shall remove all scrap, rubble, piles of dirt and other material and all building materials from the property of any adjoining property owner no later than September 30, 2009.

14) Applicant shall obtain all required permits and certificates for the subject property from the Zoning inspector mo [sic] later than September 30, 2009.

{¶14} The Richfield Township BZA contends that the conditions imposed in the variance granted to Smith were constitutionally permissible because "Section 901-7 of the Zoning Resolution authorizes the BZA to 'impose such conditions as it may deem necessary to protect the public health, safety, and morals in furtherance of the purposes and intent of this Resolution.'" It further asserts that the evidence presented to the BZA demonstrates that Mr. Smith's use of his property, including the accessory building, was disturbing neighbors' use and enjoyment of their residential properties. This resulted in complaints to Richfield Township concerning vehicle traffic, parking, and deliveries. In addition, Smith's use of the property and accessory building was undermining the residential zoning's purpose of preserving the rural character of the area, as well as the setback requirement that provides a buffer between properties. Thus, it argued, the conditions imposed in the variance furthered the purposes of the zoning resolution and protect the public health, safety, and morals of the township, and the trial court did not abuse its discretion in affirming the BZA's decision.

{¶15} As explained above, the conditions imposed in the variance are permissible so long as the BZA is interpreting existing law, and not promulgating new law. *Sloe* at ¶ 28. The only provision to which the BZA has directed this Court is one that purports to give the BZA the

ability to "impose such conditions as it may deem necessary to protect the public health, safety, and morals and in furtherance of the purposes and intent of this Resolution." However, as the Ohio Supreme Court has stated, it is the specific conditions imposed that must be "provided for, and specifically authorized by a zoning resolution which was adopted by the township trustees – a legislative body." *Powerall*, supra, at *3, citing *Cutler*, 125 Ohio St. at 18.

{¶16} In *Powerall*, the BZA granted a variance to allow the appellee to operate his power equipment sales and service business in a previously zoned residential district. *Id.* at *2. However, it imposed conditions that he store all of his equipment indoors and conduct demonstrations of the equipment within the confines of his property. *Id.* The Eleventh District stressed that the power of the BZA "to impose conditions on a variance can only arise when *those specific conditions* are included in the zoning resolution. A board is not free to impose its ill upon an applicant because it would usurp the authority of the legislative body that created it." (Emphasis added.) *Id*. at *3. Because the conditions imposed "were not part of the existing resolution, [the board] was creating a new zoning law. This action went beyond the board's constitutional scope of authority, because the board was not applying the existing zoning law of [the township]." *Id.*

{¶17} Conversely, in *Sloe*, the appellant submitted a request for modification to an existing conditional variance. *Sloe* at ¶ 27. Specifically, he requested a variance to allow the sale of tires, performance of bodywork, and storage of vehicles on the property. *Id*. at ¶ 8. The BZA granted a variance to allow the sale of tires on the premises, but denied his request for a variance permitting the performance of bodywork. *Id*. at ¶ 9. On appeal he argued that this was error because the BZA was not authorized to impose conditions on the variance. *Id.* at ¶ 26. The Eleventh District overruled the assignment of error on the basis of the invited-error doctrine. *Id.*

at ¶ 28. However, it noted that "the existing Russell Township zoning resolution requires the BZA's approval of the operation of a service garage within a CS zone and specifically prohibits 'major body repair' because of the potential hazards, including fire, noxious or offensive fumes, odors, and noise, associated with service garages." *Id.* at ¶ 29. Thus, "the prohibition of bodywork was a condition provided for and 'specifically authorized by a zoning resolution, which was adopted by the township trustees – a legislative body.'" *Id.* quoting *Powerall*, supra, at *7.

**{¶18}** In the case at hand, the BZA has failed to direct this court to provisions in the zoning resolution that authorize any of the fourteen conditions quoted above. As a result, we must conclude that the BZA has impermissibly promulgated new law rather than interpreted existing law.

**{¶19}** Smith's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN UPHOLDING THE BZA'S DECISION BECAUSE THE RICHFIELD TOWNSHIP "HOME OCCUPATION" ZONING RESOLUTION AS APPLIED TO SMITH'S USE OF HIS PROPERTY FOR HOME OCCUPATION ACTIVITY IS UNCONSTITUTIONALLY VAGUE BECAUSE IT FAILS TO STATE WITH SUFFICIENT CLARITY THE ACTIVITIES WHICH ARE PROSCRIBED OR PERMITTED[.]

**{¶20}** In his second assignment of error, Smith argues that the trial court erred in upholding the BZA's decision because the "Home Occupation" zoning resolution as applied to his use of his property is unconstitutionally vague. We conclude that Smith has failed to preserve this argument for review.

**{¶21}** In the trial court below, Smith challenged the constitutionality of the Home Occupation zoning resolution because (1) due process requires that the resolution be drafted with sufficient clarity so as to provide fair notice of the forbidden conduct and guide the

administrative agency in the exercise of its discretion; (2) zoning resolutions imposing a restriction upon private property must be strictly construed; and (3) the resolution is "vague and grammatically uncertain." The trial court concluded that Smith could not "mount a facial challenge to the constitutionality of a local zoning regulation in an administrative appeal." In support of this conclusion, the trial court cited *Grossman v. City of Cleveland Heights*, 120 Ohio App.3d 435, 439-441 (8th Dist.1997). There, the Eighth District held that a property owner could not challenge an ordinance as facially unconstitutional in a direct statutory appeal from a trial court's order affirming the decision of the BZA. *Id.* at 441. Such an appeal was limited to challenges on the basis that it was unsupported by evidence, or that the ordinance was unconstitutional as applied to him. *Id.* Instead, a declaratory judgment action may address the constitutionality of the ordinance on its face. *Id.*

{¶22} On appeal, Smith attempts to argue that the statute was unconstitutionally applied to his use of the property. After careful review of the record, we find that Smith did not raise this challenge at the trial level. An appellant's failure to raise the constitutionality of the application of a statue at the trial court level, when the issue is apparent at that time, constitutes a forfeiture of that issue, and the issue need not be heard for the first time on appeal. *Bd. of Trustees of Columbia Twp. v. Albertson*, 9th Dist. No. 01CA007785, 2001 WL 1240135, *5 (Oct. 17, 2001), citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶23} Accordingly, the only issues remaining on appeal are the facial challenges to the constitutionality of the ordinance. However, as the trial court concluded, Ohio courts have recognized that it is improper to facially challenge the constitutionality of a local zoning resolution in an administrative appeal under Chapter 2506. *Grossman*, 120 Ohio App.3d at 439-441; *Boice v. Ottawa Hills*, 6th Dist. No. L-06-1208, 2007-Ohio-4471; *Wilt v. Turner*, 8th Dist.

No. 92707, 2009-Ohio-3904, ¶ 11-14. *See also Waliga v. Coventry Twp.*, 9th Dist. No. 22015, 2004-Ohio-5683, ¶ 15. Instead, these arguments should be asserted in a declaratory judgment action. *Grossman*, 120 Ohio App.3d 439-440.

{¶24} Smith's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT AFFIRMED THE [BZA'S] RESOLUTION NUMBER 566-09 FINDING THAT SMITH WAS [] ENGAGED IN A HOME OCCUPATION WHICH VIOLATED THE ZONING RESOLUTION, SINCE THAT RESOLUTION WAS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.

{¶25} In his third assignment of error, Smith argues that the trial court erred in affirming the BZA's resolution number 566-09 that found Smith in violation of the Home Occupation resolution because the finding was not supported by a preponderance of reliable, probative, and substantial evidence. We do not agree.

{¶26} As stated in the first assignment of error, an appellate court's review of an R.C. 2506 appeal is limited in scope. *Henley*, 90 Ohio St.3d at 147. While the trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence," an appellate court reviews "only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id*., quoting *Kisil*, 12 Ohio St.3d at 34.

{¶27} The zoning resolution defines a "Home Occupation" as "[a]ny use or profession[] customarily conducted entirely within a dwelling and carried on only by the inhabitants thereof, which use is clearly incidental and secondary to the use of the dwelling or dwelling purposes and

does not change the character thereof." The inspector's decision notified Smith that "commercial activity is being conducted at your property in violation of Zoning Resolution sections 402-2-A-7-a, c, g & h[.]" These sections state that a Home Occupation is allowed, but subject to the following restrictions:

a. Such use shall be conducted entirely within the dwelling unit and no use of any accessory building or yard space shall be permitted.

* * *

c. Such use shall be conducted only by person residing in the dwelling unit.

* * *

g. Such use shall not create a nuisance by reason of noise, odor, dust, vibration, fumes, smoke, electrical interference, excessive vehicular traffic or other causes.

h. Vehicular traffic shall be limited to no more than two (2) cars at any one time.

{¶28} Initially, Smith argues that the trial court erred in upholding the BZA's decision because the "burden of proof was improperly shifted" to the appellant. However, because Smith did not raise this argument before the trial court, he has forfeited that issue on appeal. *Awan*, 22 Ohio St.3d at syllabus.

{¶29} Next, Smith contends that the BZA's decision was not supported by a preponderance of reliable, probative, and substantial evidence. Specifically, he argues that the zoning inspector's testimony, Smith's neighbors' testimony, and Smith's alleged statements did not establish by a preponderance of the evidence that he was in violation of the Home Occupancy regulation.

{¶30} The inspector testified that she observed employees' vehicles parked on the property. Photographs of employee vehicles on the property were admitted into evidence. Smith admitted to the inspector that the vehicles belonged to employees assisting him with his business

on the property. After the inspector issued her notice to Smith, employees began parking in a nearby inn and carpooling to the property. Photographs of the employee vehicles parked in the inn parking lot were admitted as well. The inspector also testified that she received an email from Smith on company letterhead that listed the property's address as the business address. A copy of this email was made a part of the record. Finally, the inspector testified that she had discussions with Smith where he admitted to running a business from the property. Smith informed her that he did have outside employees "doing work" at his home to assist with his business.

{¶31} Matt Deliberato, an adjacent property owner, testified that he personally observed UPS and FedEx trucks frequenting Smith's property throughout the day and night. He further testified that employee vehicles arrived at the property "on a regular basis at 8:00" in the morning, and left the property at 6:00 in the evening. He indicated that employees stopped parking on the property after the inspector issued a notice to Smith, but instead parked in a nearby inn parking lot and carpooled to the property. He testified that although the UPS and FedEx deliveries decreased since January 2009, the employee vehicles and traffic still disturbed his use and enjoyment of his property. Terry Nickschinksi, who has resided at the property abutting Smith's house for eight years, testified that he personally observed employees carpooling from the nearby inn. He stated that they would "pull in the garage, and shut the doors." He indicated that the employees left the property between 5:00 p.m. and 6:00 p.m. every day. He testified that the employees "used the back building as their warehouse[.]" He also observed the employees walking around the yard. Nickschinksi witnessed the employees going into the basement to conduct business. In addition, Smith had informed him that he was running a business on the property.

**{¶32}** On appeal, Smith argues that the BZA's findings that a commercial operation was being conducted on the property, and that employees had been parking at a nearby hotel, were against the weight of the evidence. He further argues that the evidence used to reach those findings was based on hearsay and multiple inferences. Thus, he argues, there is no credible circumstantial evidence to corroborate the findings of the BZA.

**{¶33}** Initially, we note that Smith failed to introduce evidence to contradict the above testimony. Although he argues that inferences necessary to support the board's findings are "based on hearsay," this court notes that "administrative agencies are not bound by the strict rules of evidence applied in a court." *Haley v. Ohio State Dental Bd.*, 7 Ohio App.3d 1, 6 (1982), citing *Provident Sav. Bank & Trust Co. v. Tax Comm.*, 10 O.O. 469, 1931 WL 1656, (C.P.1931). In particular, the hearsay rule is relaxed in administrative hearings. *Id. See also Simon v. Lake Geauga Printing Co.*, 69 Ohio St.2d 41, 44 (1982). Nevertheless, any error in this regard is forfeited because Smith failed to object to this evidence at the time of the hearing. *Felice's Main Street, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP–1405, 2002-Ohio-5962, ¶ 16; *Ray v. Harrisburg*, 10th Dist. No. 94APE04-550, 1994 WL 714590, *2 (Dec. 20, 1994) ("This well-settled rule likewise applies to administrative appeals, requiring that objections be raised at the hearing level.") Finally, although Smith makes general arguments regarding the credibility of the evidence, "a common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980). The common pleas court may not, especially in areas of administrative expertise, blatantly substitute its judgment for that of the agency. *Dudukovich v. Housing Authority*, 58 Ohio St.2d 202, 207 (1979)." *Boothby v. Williamsburg Twp. Bd. of Zoning Appeals*, 12th Dist. No. CA 2002-02-009, 2002-Ohio-5883, ¶ 28. Bearing that in mind,

and upon reviewing the evidence, we conclude that the common pleas court did not err by upholding the BZA's determination that Smith was engaging in a Home Occupation in violation of the zoning ordinance. Smith's third assignment of error is overruled.

### III.

{¶34} Smith's first assignment of error is sustained. His second and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, and reversed in part.

Judgment affirmed in part,
and reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOHN P. MALONE, JR., Attorney at Law, for Appellant.

JOHN P. SLAGTER, Attorney at Law, for Appellee.