[Cite as *Pignatelli v. Bath Twp. Bd. of Zoning Appeals*, 2016-Ohio-5691.]

STATE OF OHIO        )
                      )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

BART PIGNATELLI, TRUSTEE, AND
VICTORIA SCHAFER, TRUSTEE, OF
THE 1290 PRESERVATION TRUST
DATED 2/10/2010

        Appellant

        v.

TOWNSHIP OF BATH, OHIO, BOARD
OF ZONING APPEALS

        Appellee

C.A. No.     27738

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 09 4279

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

WHITMORE, Judge.

**{¶1}** Appellants, Bart Pignatelli and Victoria Schafer, Trustees of the 1290 Preservation Trust Dated 2/10/2010 (the "Trustees"), appeal from the Summit County Court of Common Pleas' affirmation of a decision of the Bath Township Board of Zoning Appeals ("Bath BZA"). We reverse.

I

**{¶2}** At issue is a conditional use permit issued by the Bath BZA in connection with the renovation of a guest house located on the Trustees' property in Bath Township, Ohio. The Trustees' property is comprised of one lot with two residential structures consisting of a main house and the guest house. The property is located in the R-2 residential zoning district. This zoning classification permits one detached single-family residential dwelling on each lot. The lot

must consist of 2.5 acres. The property at issue is 4.8 acres. The main house and guest house were built in 1941 before Bath Township enacted zoning. The Trustees purchased the property in 2011 or 2012.

{¶3} A guest house in an R-2 residential district generally is classified as a conditional use. A conditional use requires approval from the Bath BZA. Although the Trustees maintain that the guest house should have been classified as a pre-existing, non-conforming use, rather than a conditional use, the Trustees do not bring an assignment of error regarding the classification issue in this appeal.

{¶4} On behalf of the Trustees, Frank Pignatelli, the Trustees' contractor, applied to the Bath BZA for a conditional use permit for the property in anticipation of the renovation to the guest house. The application was for a guest house for parents and family. The application contained a number of attachments, including a site plan, plans and specifications for the proposed construction, and a statement in support regarding certain requirements contained in the Bath Township zoning resolution.

{¶5} The Bath BZA held a public hearing regarding the proposed guest house. Frank Pignatelli testified. He testified that there had been two residential structures on the property for many years, and that the county for years had taxed the property on the basis of two residential structures. Frank Pignatelli testified that the original guest house located on the property had been destroyed by fire. The previous landowner attempted to rebuild the structure, but it remained unsafe and uninhabitable.

{¶6} Frank Pignatelli explained plans to renovate the guest house and make it habitable. He testified to plans to use the guest house as a permanent residence to be used by

him personally or other family members. The guest house would remain under family control with a familial relationship between the occupants of the main house and the guest house.

{¶7} Frank Pignatelli testified to the Trustees' intention to keep the property contiguous and not mix uses. He testified that there was no present intention to split the property.

{¶8} The Bath BZA acknowledged the Trustees' intentions for the property but expressed concerns for future use of the property and guest house "a hundred years from now, when none of us are here." The Bath BZA's concerns included that the guest house would be rented to non-family members or non-employees of the family and that the lot would be split.

{¶9} As noted in the hearing minutes, legal counsel for Bath Township, Mr. Robert Konstand, "recommended [at the hearing that] as a condition of the Board's approval, that permanent deed restrictions be placed on the property * * *." He stated:

> I would suggest that if the board is so inclined to go along with Mr. Pignatelli's suggestion, that as a condition of your approval that a permanent deed restriction [be] placed on the property in favor of Bath that one house be occupied at all times by the owner of the property and the other dwelling would be occupied by a family member of the owner at all times. And that as a condition of approval the lot would stay intact as one lot the entire time and I'd also ask that the zoning inspector be given rights at any time to enquire about the occupants of both buildings and that the information be provided or the zoning permit would be revoked.

{¶10} Frank Pignatelli expressed "concern" about "deed restrictions on [the] property" because of "what that [would do] to the marketability" of the property. He stated that he felt that he was being "pushed [toward] * * * having deed restrictions on [the] property." Ultimately he agreed at the hearing to accept the deed restrictions despite being "presented with this [issue] for the first time."

{¶11} At the hearing, the Bath BZA voted on and approved the conditional use of the guest house. The approval was subject to the placement of deed restrictions on the property.

{¶12} Approximately one month after the hearing, Frank Pignatelli submitted a letter of objection to the Bath BZA regarding the placement of deed restrictions on the property. He requested that the Bath BZA take no further action until he could re-present the Trustees' case to the Bath BZA with legal counsel present.

{¶13} On the same day that Frank Pignatelli submitted the letter of objection, the Bath BZA met and adopted a resolution permitting "a conditionally permissible use for a [guest house] or accessory living quarters" on the property. The permit imposed eight enumerated "conditions" on the property. The second enumerated "condition[]" was that "all of the conditions of this approval be contained in deed restrictions running with the land, in the chain of title, for the benefit of Bath Township for [the] purposes of enforcement." The second condition further provided that "said deed restrictions would prohibit a lot-split and provide that the Bath Township Zoning Inspector would be kept informed at all times as to the living arrangements of both those on the [p]rincipal [r]esidence and the [g]uest [h]ouse. All deed restrictions would be approved before being recorded, by Township legal counsel[.]"

{¶14} The remaining conditions on the property included: (i) the guest house must be used for offering care or assistance to, or an employee of, the occupier of the main house on the property; (ii) the guest house may not be leased or rented to third parties other than the property owner's employees; (iii) the property may not be leased or rented and the main house must be owner-occupied; (iv) the construction and use of the guest house must substantially conform to the plans, specifications and representations presented to the Bath BZA; (v) no construction may commence until a zoning certificate is obtained; (vi) the conditional use permit is valid for a year

and will expire at the end of a year if construction has not commenced; (vii) except as otherwise specified in the conditional use permit, the guest house and primary residence shall comply with the Bath Township zoning resolution; and (vii) the guest house shall not be used for business purposes or home occupation.

{¶15} The Trustees appealed the Bath BZA's grant of the conditional use permit with deed restrictions to the Summit County Court of Common Pleas. That court affirmed the Bath BZA's imposition of deed restrictions as "not unlawful, unreasonable or against the manifest weight of the evidence."

{¶16} The Trustees now appeal to this Court. They raise two assignments of error for our review. The first assignment of error argues that the deed "restrictions are unlawful, arbitrary, unreasonable and unduly oppress the property owner." The second assignment of error contends that the Bath BZA impermissibly legislated when it imposed deed restrictions on the property as a condition of the permit. We will address only the second assignment of error because it is dispositive.

II

**Assignment of Error Number Two**

THE TRIAL COURT ERRED IN AFFIRMING THE BATH TOWNSHIP BOARD OF ZONING APPEALS' DECISION TO ADOPT A CONDITIONAL USE PERMIT REQUIRING THE OWNER TO SUBJECT ITS PROPERTY TO DEED RESTRICTIONS THAT WILL RUN WITH THE LAND, BECAUSE SUCH ADOPTION CONSTITUTED PROMULGATION OF NEW LAW BEYOND THE SCOPE OF THE BOARD OF ZONING APPEALS' AUTHORITY, RATHER THAN APPLICATION AND INTERPRETATION OF EXISTING LAW.

{¶17} In the Trustees' second assignment of error, they argue that the trial court erred in affirming the Bath BZA's determination because the Bath BZA impermissibly promulgated new

law when it conditioned the grant of the conditional use permit upon deed restrictions on the property. We agree.

{¶18} This case is an administrative appeal under R.C. Chapter 2506. In reviewing an administrative body's decision under this Chapter, the court of common pleas must consider the entire record and decide whether the agency's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The trial court must weigh the evidence, but should not substitute its judgment for that of the agency. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals*, 66 Ohio St.3d 452, 456 (1993).

{¶19} The court of appeals applies a standard of review "more limited in scope." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000), quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). Unlike the trial court, we review only questions of law. *Henley* at 147.

{¶20} The Supreme Court of Ohio has recognized that a township board of zoning appeals may grant conditional zoning certificates under R.C. 519.14 only to the extent that they are authorized by the township's zoning resolution. *Gerzeny v. Richfield Twp.*, 62 Ohio St.2d 339, 342 (1980). R.C. 519.14(C) empowers township boards of zoning appeals to "[g]rant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution."

{¶21} In *Smith v. Richfield Twp. Bd. of Zoning Appeals*, 9th Dist. Summit No. 25575, 2012-Ohio-1175, we considered the extent to which a board of zoning appeals may impose conditions. In that case, the Richfield Township Board of Zoning Appeals granted the applicant a conditional variance for a building that violated the applicable rear-setback zoning provision.

However, the variance was granted subject to conditions on the use of the property. *Smith* at ¶ 10. The zoning board argued that the conditions were permissible because the township's zoning resolution authorized the board to "impose such conditions as it may deem necessary to protect the public health, safety, and morals in furtherance of the purposes and intent of this Resolution." *Id.* at ¶ 14. We rejected the board's argument, and found that the specific conditions must be "'provided for, and specifically authorized by a zoning resolution which was adopted by the township trustees – a legislative body.'" *Id.* at ¶ 15, quoting *Powerall, Inc. v. Chester Twp. Trustees*, 11th Dist. Geauga No. 1037, 1983 WL 6005, *3 (Dec. 9, 1983). When a condition imposed by the board is not specifically authorized by the resolution, the board does not interpret existing law enacted by the legislature, but rather impermissibly promulgates new law. *See Smith* at ¶ 18.

{¶22} Like the zoning board in *Smith*, the Bath BZA argues in this case that the deed restrictions imposed as a condition of the permit were allowable because the township zoning resolution permits the Bath BZA to protect the health, safety, and welfare of the community. Specifically, Section 802-1C of the Bath Township Zoning Resolution provides that the Bath BZA may impose additional conditions when "it deems it necessary to safeguard the health, safety, and welfare of the community * * * includ[ing] * * * [f]uture development of the site may be all or partially restricted." The Bath BZA contends that, because the Bath BZA imposed the deed restrictions in an effort to restrict future development of the property, the deed restrictions were permissible to "safeguard the health, safety and welfare of the community in the future."

{¶23} Although we acknowledge that *Smith* involved a variance and not a conditional use, the Bath BZA's position here is indistinguishable from the argument that we rejected in

*Smith*. As we stated in *Smith,* a zoning board's general authority to impose conditions for the health, safety, and welfare of the community does not authorize the board to impose a particular condition not specifically authorized by the zoning resolution. When a condition imposed by the board is not specifically authorized by the zoning resolution, the board impermissibly acts as a legislative body and promulgates new law. *See Smith* at ¶ 18. Here, the Bath BZA has imposed a condition to the permit – that all of the conditions be recorded in deed restrictions to run with the land – that is not specifically authorized in the Bath Township zoning resolution. Accordingly, the Bath BZA improperly created new law when it conditioned the grant of the conditional use permit upon deed restrictions on the property.

{¶24} The Bath BZA argues that it did not improperly legislate because the "requirement for deed restrictions * * * is not a condition" but rather a "means of enforcement and notice of the existence of other conditions of the conditional zoning certificate." This argument rings hollow in light of the Bath BZA's own previous characterization of the requirement for deed restrictions as a "condition" of the permit. At the hearing, Mr. Konstand expressly recommended "permanent deed restriction[s]" be placed on the property "as a condition of * * * approval" of the permit. Moreover, the Bath BZA's resolution approving the permit listed the deed restrictions as one of eight enumerated conditions on the property. While the evidence indicates that the deed restrictions were in fact intended as a means of enforcement and of regulation of the use of the property, they were expressly imposed by the Bath BZA as a condition to permit the guest house.

{¶25} The Bath BZA also argues that Frank Pignatelli agreed to the deed restrictions. This argument lacks merit. In the context of objections to the grant of a conditional use permit, we have held that "a protestor's offer to compromise his protest does not instill the local zoning

board with more authority than it would otherwise have under the law." *Genovese v. Beckham,* 9th Dist. Summit No. 22814, 2006-Ohio-1174, ¶ 12. R.C. 519.14 "does not vest township boards with power to grant conditional zoning certificates independent of the zoning resolution. Rather, the board's power to issue such a certificate is no greater than that vested in it by the township zoning resolution." *Gerzeny*, 62 Ohio St.2d at 342. Because we have determined that the Bath BZA acted outside of the authority granted to it under the applicable zoning resolution, the Trustees' concession to the deed restrictions did not supply the Bath BZA with the legal authority necessary to impose those restrictions.

{¶26} The Bath BZA further contends that the doctrine of invited error bars the Trustees' claim that the deed restrictions were unlawful. The invited error doctrine provides that a party may not "'take advantage of an error which he himself invited or induced the trial court to make.''" *State v. Carswell*, 9th Dist. Summit No. 23119, 2006-Ohio-5210, ¶ 21, quoting *State ex rel Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995). The doctrine requires "more than mere 'acquiescence in the * * * erroneous conclusion.'" *State v. Campbell*, 90 Ohio St.3d 320, 324 (2000), quoting *Carrothers v. Hunter*, 23 Ohio St.2d 99, 103 (1970). The appellant must have been "'actively responsible'" for the error or the doctrine does not apply. *Campbell* at 324, quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915).

{¶27} We cannot find that the Trustees, or Frank Pignatelli as agent of the Trustees, induced the error at issue. Rather, counsel for the Bath BZA raised the issue of deed restrictions when he advised the board to impose the deed restrictions as a condition of approval of the conditional use permit. Frank Pignatelli only acquiesced in the imposition of the deed restrictions at the hearing after expressing concern, and later withdrew his acquiescence in writing by way of a letter of objection to the Bath BZA. The Trustees' temporary acquiescence

to the unlawful deed restrictions is not sufficient to invoke the invited error doctrine. *See Campbell* at 324.

**{¶28}** We find that the Bath BZA unlawfully created new zoning law because the condition of permanent deed restrictions was not authorized by the applicable zoning resolution. Accordingly, it was an error of law for the trial court to affirm the Bath BZA's grant of the conditional use permit subject to the condition of permanent deed restrictions.

**{¶29}** We express no opinion on the practical effect of our decision on the permit itself as the parties have not adequately briefed that issue. The Bath BZA argued that the deed restriction was lawful, but did not address what effect a finding that it was unlawful would have on the permit. The Trustees argue both that the permit is "void" and that we should direct the "remov[al of] all unlawful conditions, including the deed restrictions." If the permit were void, the parties would be in the same position as if the permit had not been issued. Striking the deed restriction condition, on the other hand, arguably leaves the remainder of the permit in place. *See Citizens Against Blasting on Our Miami v. Anderson Twp. Bd. of Zoning Appeals*, 1st Dist. Hamilton Nos. C-120011, C-120012, C-120013, C-120014, and C-120015, 2012-Ohio-6145, ¶ 29-32 (explaining the difference between these remedies). On remand, the trial court may accept briefing from the parties on the status of the permit.

**{¶30}** For the reasons discussed, the Trustees' second assignment of error is sustained. Because the Trustees' second assignment of error is dispositive, we need not address the Trustees' first assignment of error.

## III

{¶31} The Trustees' second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed. We remand this matter to the common pleas court for further proceedings in light of this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LEE A. CHILCOTE and DAVID T. DOHNAL, Attorneys at Law, for Appellant.

ROBERT G. KONSTAND, Attorney at Law, for Appellee.