[Cite as *Jaroscak v. State Bd. of Pharmacy*, 2021-Ohio-3867.]

STATE OF OHIO       )            IN THE COURT OF APPEALS
                     )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

CHRISTOPHER JAROSCAK           C.A. No.      20CA011762

    Appellant

    v.                           APPEAL FROM JUDGMENT
                                ENTERED IN THE
STATE OF OHIO BOARD OF       COURT OF COMMON PLEAS
PHARMACY                     COUNTY OF LORAIN, OHIO
                                CASE No.    20CV200188

    Appellee

DECISION AND JOURNAL ENTRY

Dated: November 1, 2021

TEODOSIO, Judge.

**{¶1}** Appellant, Christopher Jaroscak, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

## I.

**{¶2}** Mr. Jaroscak worked as a pharmacist for over ten years before he obtained a medical marijuana employee license and accepted a position at a medical marijuana dispensary. Four months into his employment at the dispensary, a fellow employee ("Individual #1") informed their supervisor that Mr. Jaroscak had given her a container of homemade marijuana gummy bears. An investigation ensued, and the incident led to Mr. Jaroscak's termination. Following his termination, several more employees came forward and indicated that he had either given them or sold them homemade marijuana products.

**{¶3}** An agent from the State of Ohio Board of Pharmacy ("the Board") spoke with Mr. Jaroscak on two occasions. Their first meeting took place at the dispensary and occurred before

Mr. Jaroscak's termination. During that meeting, Mr. Jaroscak admitted that he had provided Individual #1 with marijuana gummy bears and completed a written statement to that effect. He also voluntarily surrendered a vaporizer cartridge containing tetrahydrocannabinol ("THC"). The second meeting took place at Mr. Jaroscak's home and occurred after more employees implicated him. During the second meeting, Mr. Jaroscak voluntarily surrendered manufacturing items to the agent. Those items included humidifier packs used to prevent product from drying out, mason jars bearing the names of various marijuana strands, packing material, black unmarked cylinders, silicone tray gummy bear molds, scales, sealed packages of gummy bears that Mr. Jaroscak had manufactured, and capsules containing THC oil.

{¶4} As part of his investigation, the Board's agent interviewed Individual #1 and three other employees who had accused Mr. Jaroscak ("Individual #2," "Individual #3," and "Individual #4"). He also submitted several of the items that he confiscated from Mr. Jaroscak to the Bureau of Criminal Investigation ("BCI") for testing. The tests performed by BCI revealed the presence of THC.

{¶5} In July 2019, Mr. Jaroscak received a summary suspension from the Board, notifying him that his pharmacist license and dispensary employee license were being suspended. The notice alleged that Mr. Jaroscak had manufactured THC products at home and had given or sold them to Individuals #1-4 at the dispensary. In response to the notice, Mr. Jaroscak requested and received a hearing before the Board. Though he testified at the hearing, Mr. Jaroscak invoked his right against self-incrimination in response to any specific questions that might expose him to criminal liability. He acknowledged that he had become dependent on marijuana and asked the Board to impose a sanction that would allow him to continue to seek treatment and eventually return to work as a pharmacist. The Board declined his request,

however, and permanently revoked his license as a pharmacist, as well as his medical marijuana employee license.

{¶6} Mr. Jaroscak appealed the Board's decision to the Lorain County Court of Common Pleas. He filed a brief in support of his appeal, the Board responded in opposition, and Mr. Jaroscak filed a reply. Upon review of the briefs and the certified record, the trial court issued a written decision. The trial court found that the Board's determination of misconduct was supported by the record. Though it disapproved of the severity of the sanction the Board imposed, the trial court found that it was without authority to modify that sanction. Accordingly, the trial court affirmed the Board's decision to permanently revoke Mr. Jaroscak's pharmacist license.

{¶7} Mr. Jaroscak now appeals from the judgment of the court of common pleas, affirming the Board's decision to permanently revoke his pharmacist license. He raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION BY AFFIRMING APPELLEE STATE OF OHIO BOARD OF PHARMACY'S ORDER PERMANENTLY REVOKING APPELLANT CHRISTOPHER JAROSCAK'S PHARMACIST LICENSE AND FINDING THE ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.

{¶8} In his first assignment of error, Mr. Jaroscak argues that the trial court abused its discretion when it affirmed the decision of the Board and determined that the decision was supported by reliable, probative, and substantial evidence. This Court rejects his arguments.

{¶9} Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious,

unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court may not simply substitute its judgment for that of the administrative agency, but it may weigh the evidence in determining whether the record supports the agency's decision. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 13. Conversely, the scope of an appellate court's review of the trial court's decision is "narrower and more deferential." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. It is "designed to strongly favor affirmance" and focuses on questions of law. *Id.* at ¶ 30.

> [T]he court of appeals may not weigh the evidence. Apart from deciding purely legal issues, the court of appeals can determine whether the court of common pleas abused its discretion, which in this context means reviewing whether the lower court abused its discretion in deciding that an administrative order was or was not supported by reliable, probative, and substantial evidence.

(Internal citations omitted.) *Shelly Materials, Inc. v. City of Streetsboro Planning and Zoning Comm.*, 158 Ohio St.3d 476, 2019-Ohio-4499, ¶ 17.

{¶10} The Board determined that, while employed as a medical marijuana dispensary employee and while on the premises of his employer, Mr. Jaroscak provided four other employees with edible THC products that he manufactured at home. During that same period, the Board determined, Mr. Jaroscak unlawfully sold THC vaporizer cartridges to Individual #4. The Board found that Mr. Jaroscak admitted ordering manufacturing supplies online, manufacturing THC products at home, and providing THC products to his fellow employees. It further found that its investigating agent confiscated a THC vaporizer from Mr. Jaroscak at the dispensary and numerous items from his residence, including jars, silicone gummy bear molds, marijuana, packaging materials, finished products containing THC, and a variety of drug paraphernalia items. The Board concluded that Mr. Jaroscak's conduct violated numerous

provisions of the Revised Code and Ohio Administrative Code and warranted a permanent revocation of his pharmacist license and medical marijuana employee license.

{¶11} The court of common pleas determined that the Board's decision was based on reliable, probative, and substantial evidence. Regarding the Board's finding that Mr. Jaroscak provided THC products to four employees, the court determined that (1) Mr. Jaroscak admitted providing products to Individual #1 and Individual #4, and (2) the Board was entitled to infer that he provided products to Individual #2 and Individual #3 based on his decision to invoke his Fifth Amendment right when asked about those individuals. Regarding the Board's finding that Mr. Jaroscak sold marijuana products to Individual #4, the court determined that evidence in the record supported that conclusion, including a written statement authored by Individual #4. Though the Board relied on hearsay in that Individuals #1-4 did not testify at the hearing, the trial court found that (1) Mr. Jaroscak waived any objection to that evidence by stipulating to its admission, and (2) the rules of hearsay do not apply to administrative hearings.

{¶12} Mr. Jaroscak argues that the common pleas court abused its discretion when it determined that the Board's findings were based on reliable, probative, and substantial evidence. According to Mr. Jaroscak, there was no evidence that he provided four employees at the dispensary with THC products. At best, he argues, the evidence showed that he provided THC products to Individual #1 and Individual #4. He notes that Individual #2 and Individual #3 never completed written statements and their recorded interviews were never played at the hearing. He claims that there is no indication the Board drew an adverse inference from his refusal to testify about Individual #2 and Individual #3 and that the court of common pleas engaged in improper speculation when it reached that conclusion. Further, Mr. Jaroscak argues, there was no reliable evidence that he provided or sold homemade THC products to Individual #4. He claims that

those items were never tested to ensure that they contained THC and there was no testimony that he manufactured vaporizer cartridges. Mr. Jaroscak argues that the common pleas court gave too little consideration to the fact that the Board heavily relied upon hearsay to reach its decision. He notes that none of the recorded interviews that the Board's agent conducted were admitted at the hearing, none of those interviews were summarized, and none of the individuals at issue, i.e., Individuals #1-4, were subject to cross-examination. Because the Board's findings are not based on reliable, probative, and substantial evidence, Mr. Jaroscak argues, the court of common pleas abused its discretion by affirming those findings.

{¶13} As previously noted, this Court's review of the decision of a court of common pleas in an administrative appeal is extremely limited and does not involve any weighing of the evidence. *See Shelly Materials, Inc.*, 158 Ohio St.3d 476, 2019-Ohio-4499, at ¶ 17. So long as the trial court acted within its sound discretion in deciding that the Board's decision was supported by reliable, probative, and substantial evidence, this Court has no choice but to affirm its decision. *See id.*

{¶14} Upon review, we cannot conclude that the common pleas court abused its discretion when it affirmed the Board's findings of misconduct. Mr. Jaroscak stipulated to the admission of all the exhibits introduced at the hearing, including his own written statement and the written statements of Individual #1 and Individual #4. Each of those statements implicated him in the wrongdoing that culminated in these proceedings. Individual #4, in particular, wrote that Mr. Jaroscak gave him a vaporizer cartridge and 2-3 gummy bears, later sold him two vaporizer cartridges for $35 each, and eventually approached him about purchasing containers of gummy bears. While the items provided directly to Individual #4 could not be tested, testing was performed on the gummy bears Mr. Jaroscak provided to Individual #1, the gummy bears

confiscated from his home, and the vaporizer cartridge confiscated from Mr. Jaroscak on the premises of the dispensary. Each of those items tested positive for the presence of THC. Thus, the trial court reasonably could have concluded that the Board had before it circumstantial evidence that items Mr. Jaroscak gave or sold to Individual #4 likewise contained THC.

{¶15} The agent for the Board testified that he spoke to the employees at the dispensary and that each of the individuals with whom he spoke admitted that they had received marijuana products from Mr. Jaroscak. He also spoke with Mr. Jaroscak at his home and testified that Mr. Jaroscak was forthcoming about the fact that he had used THC oil to manufacture gummy bears and capsules containing THC oil and that he had given his homemade products to at least one of his coworkers at the dispensary. Upon request, Mr. Jaroscak produced for the agent a wealth of paraphernalia that he kept at his home and used during the manufacturing process. Many of those items were submitted to BCI for testing and also tested positive for the presence of THC. Accordingly, there was substantial evidence before the Board that Mr. Jaroscak was manufacturing illegal THC products and providing them to other employees at the dispensary.

{¶16} Although Individuals #1-4 did not testify at the hearing before the Board, "the hearsay rule is relaxed in administrative hearings." *Smith v. Richfield Twp. Bd. of Zoning Appeals*, 9th Dist. Summit No. 25575, 2012-Ohio-1175, ¶ 33. Mr. Jaroscak also waived his right to contest the admissibility of Individual #1's and Individual #4's written statements by stipulating to their admission. *See State v. Gibb*, 9th Dist. Lorain No. 17CA01116, 2019-Ohio-4215, ¶ 11. The agent for the Board testified that he interviewed approximately seven individuals at the dispensary, including Individuals #1-4, and that "[t]he employees [he] spoke to admitted that they received product from Mr. Jaroscak." He further testified that Individual #4 "admitted that * * * it was on more than one occasion and that he did provide payment for the

product." The foregoing testimony and evidence constituted reliable, probative, and substantial evidence in support of the Board's findings. Consequently, we need not consider Mr. Jaroscak's remaining argument regarding any adverse inference created by his refusal to testify on certain matters. *See State ex rel. Johnson v. Oberlin City Sch. Dist. Bd. of Edn.*, 9th Dist. Lorain No. 08CA009517, 2009-Ohio-3526, ¶ 13 (legally correct judgments may be affirmed on other grounds).

{¶17} Mr. Jaroscak has not shown that the trial court abused its discretion when it concluded that the Board's findings were based on reliable, probative, and substantial evidence. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION BY AFFIRMING APPELLEE STATE OF OHIO BOARD OF PHARMACY'S ORDER PERMANENTLY REVOKING APPELLANT CHRISTOPHER JAROSCAK'S PHARMACIST LICENSE AND FINDING THAT THE CASE HENRY'S CAFÉ, INC. V. BD. OF LIQUOR CONTROL, 170 OHIO ST. 233 (1959), PROHIBITED IT FROM MODIFYING THE SANCTION IMPOSED BY THE BOARD OF PHARMACY.

{¶18} In his second assignment of error, Mr. Jaroscak argues that the trial court abused its discretion when it affirmed the Board's ultimate decision to permanently revoke his pharmaceutical license. Though he acknowledges that the trial court's decision was guided by the Ohio Supreme Court's holding in *Henry's Café, Inc. v. Board of Liquor Control*, 170 Ohio St. 233 (1959), he asks this Court to depart from the case law. We decline to do so.

{¶19} In *Henry's Café, Inc.*, the Ohio Supreme Court held that a common pleas court may reverse, vacate, or modify the order of an administrative agency only if it finds that the order is not supported by reliable probative, and substantial evidence. *Henry's Café, Inc.* at 236.

The Supreme Court specifically held that a common pleas court must affirm and cannot modify an order that is supported by reliable, probative, and substantial evidence. *Id.*

{¶20} Despite the Supreme Court's holding in *Henry's Café, Inc.*, Mr. Jaroscak argues that a permanent revocation of his pharmaceutical license is too harsh a penalty given his impeccable work history, the circumstances under which he became addicted to marijuana, and his willingness to seek treatment and atone for his actions. He asks this Court to depart from *Henry's Café, Inc.* so that the Supreme Court might reexamine its holding on further appeal.

{¶21} This Court previously has considered arguments like the one Mr. Jaroscak has raised on appeal. *See, e.g., Barr v. Lorain Cty. Dept. of Job and Family Srvs.*, 9th Dist. Lorain No. 19CA011542, 2020-Ohio-4344, ¶ 28; *Horn v. Ohio Dept. of Ins.*, 9th Lorain No. 15CA010892, 2017-Ohio-231, ¶ 17. As we noted in those cases, we lack authority to modify or decline to follow precedent established by the Ohio Supreme Court. *Barr* at ¶ 28; *Horn* at ¶ 17. Because the trial court found that the Board's decision was supported by reliable, probative, and substantial evidence, it lacked authority to modify the sanction that the Board imposed. *Henry's Café, Inc.* at 236. Mr. Jaroscak's second assignment of error is overruled.

III.

{¶22} Mr. Jaroscak's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING.

{¶23} Although I concur in the analysis set forth by the majority, I write separately to note my agreement with the trial court that it is highly problematic that a trial court does not possess the authority to review administrative penalties. I encourage the Supreme Court of Ohio to reexamine its holding in *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), at paragraph three of the syllabus. I further invite the General Assembly to reexamine the statutory framework in order to explore the possibility of granting trial courts discretion to review administrative penalties.

APPEARANCES:

ROBERT D. NOBLE, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and HENRY G. APPEL, Principal Assistant Attorney General, for Appellee.