[Cite as *State v. Sanders*, 2016-Ohio-8202.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    15CA0064-M |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| RICKY J. SANDERS | MEDINA MUNICIPAL COURT<br>COUNTY OF MEDINA, OHIO |
|     Appellant | CASE No.    15 TRD 03667 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

MOORE, Judge.

{¶1} The Defendant, Ricky J. Sanders, appeals from his conviction in the Medina Municipal Court. This Court affirms.

I.

{¶2} In 2015, Officer Michael Wovna of the Medina City Police Department initiated a traffic stop of Mr. Sanders for driving while under administrative license suspension. The officer cited Mr. Sanders for a violation of R.C. 4510.14(A). Mr. Sanders pleaded not guilty to that charge, and the case proceeded to a bench trial. In his opening statement and in a motion to dismiss pursuant to Crim.R. 29, Mr. Sanders argued that a violation of R.C. 4510.14(A) requires a predicate OVI conviction, and here, the State was not relying on a previous OVI conviction. The State maintained that a conviction under R.C. 4510.14(A) does not require a previous OVI conviction, and instead, required only that the defendant be driving while under a suspension imposed by one of the four statutes listed in R.C. 4510.14(A), which included a suspension

imposed under R.C. 4511.191. Here, the State indicated, and the defendant did not dispute, that Mr. Sanders was driving while his license was suspended under R.C. 4511.191, due to a previous chemical test refusal. The trial court agreed with the State's interpretation of R.C. 4510.14(A). Thereafter, the trial court found Mr. Sanders guilty and imposed sentence. Mr. Sanders timely appealed, and he now presents one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

[MR.] SANDERS' RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WAS DENIED WHEN HE WAS CONVICTED OF AND SENTENCED FOR [A] VIOLATION OF []R.C. 4510.14 ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.

{¶3} In his sole assignment of error, Mr. Sanders argues that the trial court erred in convicting him for violating R.C. 4510.14 because a violation of that statute requires a prior conviction for an OVI offense, and there was no evidence of a predicate OVI conviction produced by the State. We disagree.

{¶4} Mr. Sanders' argument pertaining to the sufficiency of the evidence turns upon a question of statutory interpretation. Questions of statutory interpretation are questions of law, which we review de novo. *State v. Jackson*, 9th Dist. Lorain No. 15CA010828, 2016-Ohio-7637, ¶ 10.

{¶5} R.C. 4510.14(A) provides that:

No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, *or* 4511.196 of the Revised Code *or* under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

(Emphasis added.)

{¶6} In his brief, Mr. Sanders maintains that "[t]he issue that was argued to the Trial Court was that [Mr. Sanders] did not have 'a conviction of a municipal OVI ordinance' and that was an element of the charge[.]" However, the statute is written in the disjunctive, and the plain language provides four different statutory sections under which the predicate suspension may have been imposed. *See* R.C. 4510.14(A). R.C. 4510.14(A) requires that the suspension have been imposed for a "conviction of a violation of a municipal OVI ordinance" only with respect to an underlying suspension issued under R.C. 4510.07. It is undisputed that Mr. Sanders' license was suspended under R.C. 4511.191, on which, according to the plain language of R.C. 4510.14(A), the underlying suspension may be based without limitation.

{¶7} Mr. Sanders develops no argument in his merit brief to support his contention that a conviction of a municipal OVI ordinance is necessarily required to support a conviction under R.C. 4510.14. *See* App.R. 16(A)(7). Given the disjunctive language used in the statute, and the very limited argument presented by Mr. Sanders on appeal, his sole assignment of error lacks merit and is overruled.

III.

{¶8} Mr. Sanders' assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TIMOTHY P. HAFFEY, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, and JOHN G. QUILLIN, Prosecuting Attorneys, for Appellee.