[Cite as *Penfield Twp. v. Shrader*, 2022-Ohio-2258.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PENFIELD TOWNSHIP, et al.

    Appellees/Cross-Appellants

    v.

SCOTT SHRADER, et al.

    Appellants/Cross-Appellees

C.A. No.     21CA011754

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CV202238

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

TEODOSIO, Judge.

**{¶1}** Appellants/Cross-Appellees, Scott and Shannon Shrader (collectively "the Shraders"), appeal from the judgment of the Lorain County Court of Common Pleas, affirming the judgment of the Penfield Township Board of Zoning Appeals ("the Zoning Board"). Appellees/Cross-Appellants, the Penfield Township Board of Trustees ("the Board of Trustees"), the Zoning Board, and Zoning Inspector Brett Linden (collectively, "the Township"), cross-appeal from the denial of their motions to dismiss Inspector Linden from the litigation and join other parties. This Court affirms.

I.

**{¶2}** Richard and Dolores Wolf (collectively, "the Wolfs") own two parcels of property in Penfield Township. Near the end of 2019, the Wolfs executed an option and land lease agreement with New Cingular Wireless PCS, LLC/AT&T Mobility Corporation ("AT&T") wherein they agreed to lease a portion of their property to AT&T for the purpose of allowing

AT&T to build and maintain a cellular tower there. The agreement was contingent upon AT&T being able to secure all government approvals for that intended use of the property.

{¶3} AT&T retained an engineering firm to construct its cellular tower. The engineering firm, GPD Group, determined that AT&T would need to obtain a conditional use permit and area variance before its cellular tower could be built. GPD Group applied for those items on behalf of the Wolfs and AT&T. It also sent notices to the Wolfs' neighbors, informing them that those applications had been filed.

{¶4} The Shraders live across the street from the Wolfs. When the Shraders learned that AT&T planned to build a cellular tower on the Wolfs' property, they sent a letter to the Board of Trustees. In the letter, they objected to the issuance of any permits or variances and the construction of the proposed cellular tower.

{¶5} A hearing was held before the Zoning Board on the applications GPD Group filed on behalf of the Wolfs and AT&T. The Zoning Board heard testimony from several individuals, including a representative from GPD Group and Zoning Inspector Linden. The Zoning Board also listened to and had several exchanges with the Shraders, who appeared at the hearing to contest the requested permit and variance. Following its deliberations, the Zoning Board unanimously voted in favor of granting the conditional use permit and area variance. It later issued a written decision to that effect.

{¶6} The Shraders appealed the Zoning Board's decision to the Lorain County Court of Common Pleas and named the Township as appellees. The Township moved to dismiss Inspector Linden from the appeal, arguing that he was not a proper party. Additionally, the Township moved to join the Wolfs and GPD Group to the appeal. The Shraders filed briefs in opposition to both motions, and the Township filed replies.

{¶7} The parties had a phone conference with the trial court's magistrate and, following that conference, the Township filed a document entitled "Supplemental Notice of Filing of Transcript." The document consisted of a copy of various articles of the Zoning Resolution of Penfield Township ("the Zoning Resolution"). The Township indicated that the articles were being provided at the request of the magistrate. The Shraders did not respond to the document the Township filed.

{¶8} Subsequently, the trial court filed three separate journal entries on the same day that addressed the pending motions and matters before it. In one entry, the court denied the Township's motion to dismiss Inspector Linden from the appeal. In its second entry, the court denied the Township's motion to join the Wolfs and GPD Group to the appeal. Finally, in its third entry, the court affirmed the decision of the Zoning Board. The trial court determined that the Zoning Board's decision was reasonable and supported by a preponderance of substantial, reliable, and probative evidence.

{¶9} The Shraders now appeal from the trial court's judgment, affirming the decision of the Zoning Board. Additionally, the Township appeals from the trial court's denial of its motions to dismiss Inspector Linden from the appeal and to join the Wolfs and GPD Group as parties to the appeal. Collectively, the parties raise three assignments of error for our review. For the reasons outlined below, this Court consolidates the Township's assignments of error.

II.

**THE SHRADERS' ASSIGNMENT OF ERROR**

THE COURT OF COMMON PLEAS ERRED IN ISSUING A FINAL ORDER PRIOR TO THE COMPLETION OF THE RECORD AND WITHOUT A HEARING.

{¶10} In their sole assignment of error, the Shraders argue that the trial court erred as a matter of law when it affirmed the Zoning Board's decision without setting the matter for a hearing and ensuring that the Shraders had an adequate opportunity to present their arguments. For the following reasons, this Court rejects their assignment of error.

{¶11} Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court may not simply substitute its judgment for that of the administrative agency, but it may weigh the evidence in determining whether the record supports the agency's decision. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 13. Conversely, the scope of an appellate court's review of the trial court's decision is "narrower and more deferential." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. It is "designed to strongly favor affirmance" and focuses on questions of law. *Id.* at ¶ 30. When reviewing a trial court's decision in an administrative appeal, this Court must determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence. *Independence* at ¶ 14, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).

{¶12} When a court of common pleas hears an administrative appeal, the appeal "shall proceed as in the trial of a civil action, but the court shall be confined to the transcript * * * unless it appears, on the face of the transcript or by affidavit filed by the appellant," that one or more of the exceptions enumerated in R.C. 2506.03(A)(1) through (5) applies. R.C. 2506.03(A). If one or more of those enumerated exceptions applies, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B). "At the hearing,

any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party." *Id.*

{¶13} The Shraders have not challenged the trial court's substantive determination that the Zoning Board's decision was supported by a preponderance of reliable, probative, and substantial evidence. Instead, they argue that the trial court erred when it decided their administrative appeal without first conducting further proceedings. They note that the trial court never held a case management conference or gave them a chance to respond to its rulings on the Township's motions to dismiss and to join other parties. According to the Shraders, the Township was permitted to supplement the record with additional evidence (i.e., a portion of the Zoning Resolution), but they were never given a similar opportunity to supplement the record. They argue that a hearing on their appeal was warranted, as there were errors apparent on the face of the transcript. Because the trial court decided their appeal without holding a case management conference or a hearing, the Shraders argue, the matter must be reversed and remanded to the trial court for further proceedings.

{¶14} The Shraders never requested a hearing at the trial court level or filed an affidavit indicating that any of the exceptions enumerated in R.C. 2506.03(A)(1)-(5) applied. Accordingly, the trial court was limited to the transcript of the Zoning Board's proceedings unless the transcript, on its face, revealed that one of those exceptions applied. *See* R.C. 2506.03(A). The Shraders claim that the trial court, acting sua sponte, uncovered an error on the face of the transcript (i.e., that it did not include a copy of the Zoning Resolution). Yet, there is no indication in the record that the trial court identified such an error or employed R.C. 2506.03(A)(1)-(5). The record reflects that the Township filed a "Supplemental Notice of Filing of Transcript," purportedly at the direction of the court's magistrate. The conference before the magistrate was not recorded,

however, so no record exists as to that discussion. Moreover, the trial court's judgment entry does not refer to R.C. 2506.03(A)(1)-(5) or any error on the face of the transcript. It also is not clear from the record that the trial court even considered the Township's supplemental filing.

{¶15} The Township's supplement filing only consisted of a copy of certain articles of the Zoning Resolution related to conditional uses and area variances. Those same articles were discussed at the hearing before the Zoning Board, and the Zoning Board applied them in its decision. Further, the Township included citations and quotations to relevant portions of the Zoning Resolution in the conclusions of fact it filed with the trial court, and the Shraders included citations and quotations to relevant portions of the Zoning Resolution in its brief in opposition to the Township's motion to dismiss Inspector Linden. While the trial court included citations to the Zoning Resolution in its decision, it is not clear whether the court gleaned that information from the Township's supplemental filing or from the other materials in the record.

{¶16} Even assuming the trial court relied on the Township's supplemental filing and erred by doing so in the absence of an affidavit or finding under R.C. 2506.03(A)(1)-(5), the Shraders have not demonstrated resulting prejudice. *See Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18. As noted, the Zoning Resolution was repeatedly referenced at the hearing before the Zoning Board, and the Zoning Board relied on the Zoning Resolution to reach its decision. The Township's supplemental filing was limited to providing that same information. Further, the Shraders needed that information to challenge the Zoning Board's decision on appeal. The Shraders have not explained how the introduction of that information harmed them, and this Court will not formulate an argument on their behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶17} To the extent the Shraders argue that the timing of the trial court's judgment deprived them of an opportunity to respond to its rulings on the Township's motions to dismiss and to join other parties, this Court notes that both rulings favored the Shraders. The Shraders opposed the Township's motions to dismiss and to join other parties, and the trial court denied both motions. The Shraders have not explained how they were prejudiced by their inability to respond to favorable rulings. Once again, this Court will not formulate arguments on their behalf. *See* App.R. 16(A)(7); *Cardone* at *8.

{¶18} The Shraders never notified the trial court that there were any errors apparent on the face of the transcript under R.C. 2506.03(A)(1)-(5). They may not now raise those claims for the first time on appeal. *See A.R. Lockhart Dev. Co. v. Akron Bd. of Zoning Appeals*, 9th Dist. Summit No. 24098, 2008-Ohio-3631, ¶ 5. Pursuant to R.C. 2506.03(A), the trial court's review was limited to the transcript of the Zoning Board's proceedings. As such, we cannot conclude that the trial court erred when it determined the appeal without conducting additional proceedings or holding a hearing. The Shraders' assignment of error is overruled.

### PENFIELD TOWNSHIP'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO DISMISS CROSS-APPELLANT PENFIELD TOWNSHIP'S ZONING INSPECTOR AS A PARTY TO THE PRESENT CASE.

### PENFIELD TOWNSHIP'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO JOIN RICHARD AND DOLORES WOLF (OWNERS OF THE RELEVANT PROPERTY) AND GPD GROUP (AGENT OF AT&T)-ALL APPLICANTS AND PARTIES TO CROSS-APPELLANT PENFIELD TOWNSHIP BOARD OF ZONING APPEALS ("BZA") PROCEEDING, AS PARTIES TO THE PRESENT CASE.

{¶19} In its assignments of error, the Township argues that the trial court erred when it denied the Township's motions to dismiss Zoning Inspector Linden from the action and join the

Wolfs and GPD Group. Because our resolution of the Shraders' sole assignment of error effectively brings this matter to a close, a ruling on the foregoing issues would lack any practical legal effect. *See, e.g., Lorain Cty. Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, ¶ 14; *Arcade Ins. Serv. Agency v. Loughry*, 9th Dist. Summit No. 8712, 1978 WL 215139, *2 (Mar. 29, 1978). Thus, we conclude that the foregoing assignments of error are moot and decline to address them. *See* App.R. 12(A)(1)(c).

## III.

**{¶20}** The Shraders' sole assignment of error is overruled, and the Township's assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants/Cross-Appellees.

_____
THOMAS A. TEODOSIO
FOR THE COURT


HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

THOMAS D. WHITE and ROBERT M. BARGA, Attorneys at Law, for Appellants/Cross-Appellees.

J.D. TOMLINSON, Prosecuting Attorney, and THOMAS M. MANGAN, Assistant Prosecuting Attorney, for Appellee.