[Cite as *MSP Properties of Ohio, L.P. v. Coventry Twp.*, 2023-Ohio-1737.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MSP PROPERTIES OF OHIO, L.P., et al. | | C.A. No.    30363 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| COVENTRY TOWNSHIP, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.    CV-2021-12-3906 |

DECISION AND JOURNAL ENTRY

Dated: May 24, 2023

HENSAL, Presiding Judge.

{¶1}    MSP Properties of Ohio, L.P. and Joan Archer, Trustee (collectively "MSP") appeal a judgment of the Summit County Court of Common Pleas that upheld a decision of the Coventry Township Board of Zoning Appeals. For the following reasons, this Court affirms.

I.

{¶2}    MSP wants to build a Dollar General Store in a part of the Township zoned B-2 Limited/Local Business District. It submitted a zoning permit application, but the Township's zoning inspector denied it because he did not believe the proposed store is a permitted use in a B-2 zoning district. MSP appealed to the Board of Zoning Appeals, which voted to uphold the zoning inspector's decision. MSP thereafter appealed the Board of Zoning Appeals' decision to the common pleas court, but it upheld the decision, determining that the decision was supported by reliable, probative, and substantial evidence and was in accordance with the law. MSP has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE COVENTRY TOWNSHIP BOARD OF ZONING APPEALS TO UPHOLD THE ZONING INSPECTOR'S DENIAL OF A ZONING PERMIT FOR THE CONSTRUCTION OF A NEW DOLLAR GENERAL STORE IN A B-2 LIMITED BUSINESS DISTRICT WAS SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.

**{¶3}** MSP argues that the trial court incorrectly concluded that the Board of Zoning Appeals' decision was supported by the preponderance of substantial, reliable, and probative evidence. In an administrative appeal under Revised Code Chapter 2506, the common pleas court "is authorized to reverse a final decision of a board of zoning appeals if, after a review of the complete record, it finds that the board's 'decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'" *Willow Grove, Ltd. v. Olmstead Twp. Bd. of Zoning Appeals*, 169 Ohio St.3d 759, 2022-Ohio-4364, ¶ 16, quoting R.C. 2506.04. "The common pleas court's decision may then be appealed on questions of law." *Id*. Thus, "an appellate court's review of a common pleas court's decision on appeal from a zoning authority is 'narrower and more deferential to the lower court's decision.'" *Id*. at ¶ 17, quoting *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. "When reviewing a trial court's decision in an administrative appeal, this Court must determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence." *Penfield Twp. v. Shrader*, 9th Dist. Lorain No. 21CA011754, 2022-Ohio-2258, ¶ 11.

**{¶4}** According to the Township's zoning provisions, the B-2 district "is established to provide for single or planned and integrated groupings of stores which will retail convenience

goods and provide personal and professional service for a neighborhood area." Among the stated permitted uses is "[l]imited retail businesses which supply merchandise on the premises to include drugs, dry goods, clothing, notions, gifts, hardware, baked goods, florists, athletic goods." Another permitted use is "[l]imited food sales of convenience store variety and or local grocery store, bakeries, delicatessen, and meat market, drive thru beverage stores." In comparison, the B-3 general business district allows "[s]upermarkets offering a wide variety of food, dry goods, clothing, etc.[,]" "[r]etailing with accessory outside storage of items offered for retail sale[,]" and "[s]ale of home furnishings and appliances." The zoning provisions do not contain any specific square footage requirements or limitations for either the B-2 or B-3 districts.

{¶5} MSP's zoning permit application described its intended use of the property as retail/convenience store and indicated that the area of the building it planned to construct would be 9,100 square feet. At the Board of Zoning Appeals hearing, the zoning inspector submitted a report that contained a list of the businesses operating in the B-2 district. The report contained additional information about those that sell packaged food, which included gas station convenience stores, a market, a specialty grocery, and a bait and tackle shop. The largest of those stores is 2,897 square feet. The zoning inspector also included examples of stores operating in the Township's B-3 district, including a 5,000 square foot paint store, a pet store and a tool store that exceeded 10,000 square feet, and another Dollar General. The report contained many photographs of the interior of the other Dollar General. Those pictures show at least 17 double-sided aisles of merchandise that hold an extensive array of products, including greeting cards, stationery supplies, candles, pillows, sheets, rugs, towels, clocks, lamps, wall décor, seasonal decorations, toys, frozen foods, beverages, soups and other canned goods, breakfast cereals, candy and snacks, breads and buns, crackers, laundry and household cleaning supplies, paper products, storage bins, pet supplies,

office supplies, crafting supplies, gift bags, mylar balloons, party supplies, cooking supplies, plates, glasses, water bottles, toothcare products, vitamins, haircare products, lotions, makeup, shaving supplies, shirts, gloves, undergarments, and DVDs. MSP also indicated at the hearing that Dollar General sells coffee makers.

{¶6} The common pleas court reviewed the photographs of the merchandise for sale at the other Dollar General and found that MSP's proposed store would go beyond what could be considered "limited" under the Township's zoning provisions. It also found that Dollar General sells appliances, which is not allowed in the B-2 district. The court, therefore, upheld the decision of the Board of Zoning Appeals, concluding that the Board's decision was not unconstitutional, illegal, arbitrary, capricious, or unreasonable and was supported by a preponderance of substantial, reliable, and probative evidence.

{¶7} MSP argues that the common pleas court ignored the evidence it submitted that demonstrates that a Dollar General offers general convenience merchandise items such as food, snacks, health and beauty supplies, cleaning supplies, basic apparel, and housewares. MSP argues that Dollar General's mission is to provide a small variety of goods at low prices and is not a large supermarket or big box store. MSP further argues that the Board of Zoning Appeals did not provide any support for its decision to uphold the zoning inspector's initial decision.

{¶8} Under Section 2506.04, this Court reviews the decision of the common pleas court, not the underlying decision of the Board of Zoning Appeals. The common pleas court reviewed the record and found that the proposed Dollar General would not engage in "[l]imited retail business[ ]" or "[l]imited food sales" and, therefore, was not a permitted use within the Township's B-2 business district. Upon review of the photographs of MSP's other Dollar General location, we cannot say that, as a matter of law, the common pleas court's decision is not supported by a

preponderance of reliable, probative, and substantial evidence. MSP's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE COVENTRY TOWNSHIP BOARD OF ZONING APPEALS TO UPHOLD THE ZONING INSPECTOR'S DENIAL OF A ZONING PERMIT FOR THE CONSTRUCTION OF A NEW DOLLAR GENERAL STORE IN A B-2 LIMITED BUSINESS DISTRICT WAS NOT ARBITRARY, CAPRICIOUS AND UNREASONABLE.

{¶9} In its second assignment of error, MSP argues that the common pleas court abused its discretion when it upheld the decision of the Board of Zoning Appeals. The Ohio Supreme Court has recognized that whether a common pleas court abused its discretion is "[w]ithin the ambit of 'questions of law' for appellate court review" under Section 2506.04. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, fn. 4 (1984).

{¶10} MSP argues that the Township's zoning provisions do not contain definitions of any of its terms or restrict the size of any businesses. It also argues that its sale of coffeemakers should not place it in the category of a big box retailer of appliances and home furnishings. According to MSP, a Dollar General is more akin to a convenience store and serves only local markets. MSP also argues that it was inappropriate for the common pleas court to give weight to the testimony of a community member whose evidence was misleading and only illustrated his opinion about how the zoning provisions should be interpreted.

{¶11} Although Dollar General may not sell many types of appliances, MSP admitted that it does sell at least one type, which is coffee makers. The sale of appliances is identified as a permitted use within the B-3 district but not the B-2 district. It, therefore, was not unreasonable for the trial court to determine that Dollar General's sale of appliances prevented it from being a B-2 permitted use.

**{¶12}** Regarding the term "limited," it appears that the common pleas court applied an ordinary definition of the term. MSP has not identified any definition of "limited" under which its vast quantity and variety of goods would qualify. Finally, although the common pleas court noted the testimony of the local property owner, there is no indication that the court relied on his testimony when it drew its conclusion about whether a Dollar General is a permitted use in the B-2 district. Accordingly, we conclude that MSP has not established that the common pleas court exercised improper discretion when it upheld the decision of the Board of Zoning Appeals. MSP's second assignment of error is overruled.

III.

**{¶13}** MSP's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ANTHONY J. COYNE and KATHRYN E. WEBER, Attorneys at Law, for Appellants.

IRVING B. SUGERMAN and MATTHEW G. VANSUCH, Attorneys at Law, for Appellees.