[Cite as *729 W. 130th St., L.L.C. v. Hinckley Twp. Bd. of Zoning Appeals*, 2024-Ohio-3349.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| 729 WEST 130TH STREET, LLC, et al. | C.A. No. 2023CA0020-M |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HINCKLEY TOWNSHIP BOARD OF ZONING APPEALS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No. 22 CIV 0484 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: September 3, 2024

FLAGG LANZINGER, Judge.

{¶1} 729 West 130th Street, LLC ("729") and Brent A. Rumes (collectively, "Property Owners") appeal from the judgment of the Medina County Court of Common Pleas that affirmed the decision of the Hinckley Township Board of Zoning Appeals ("BZA"). For the following reasons, this Court vacates the decision of the trial court and dismisses the appeal.

I.

{¶2} The Property Owners jointly own the real property located at 729 West 130th Street, Hinckley, Ohio (the "Property"). The Property is located in the R-2 residential district in Hinckley Township. For many years, the Property Owners operated a tavern called the Adult Day Care Center as a non-conforming use under the Hinckley Township Zoning Resolution ("Zoning Resolution"). The tavern ceased operating in early 2019 when it lost its liquor license.

{¶3} On March 4, 2022, Rumes and Thomas Syms ("Syms"), a member of 729, stopped by the office of the Hinckley Township Zoning Inspector, Thomas Wilson ("Zoning Inspector"),

to discuss why the Property no longer qualified as a non-conforming use as a tavern. According to the Zoning Activity Log ("Log") that the Zoning Inspector and his staff use to formally document inquiries, Rumes and Syms said they had an interested buyer looking to purchase the Property and operate it as a restaurant/bar, but the prospective buyer was informed by the Zoning Inspector several days prior that the Property had lost its liquor license and reverted to residential status.

{¶4} The Log further reflects that on March 9, 2022, Rumes called the Zoning Inspector asking why he did not receive a letter or warning about losing the non-conforming use. The Zoning Inspector explained that he did not know the tavern was closed until he spoke to the State Liquor Board and was informed that the liquor license for the Property had not been active since January 2019. The Zoning Inspector testified that it is not his role to contact property owners to inquire whether they are operating.

{¶5} On March 15, 2022, the Zoning Inspector sent Rumes an email confirming what Rumes had already been told, i.e., that the Property no longer qualified as a non-conforming use because it had not been used as a bar/tavern for over two years. The Zoning Inspector's email explained that under Section 8.3(D) of the Zoning Resolution, which mirrors the relevant statute, R.C. 519.19, discontinuance of a non-conforming use for a continuous period of two years or more constitutes voluntary abandonment, and that after that time, the premises must conform to the regulations of the district in which the building is located. The Zoning Inspector's email also outlined the permitted uses in the R-2 Residential District.

{¶6} According to the Log and the Zoning Inspector's testimony, the Zoning Inspector followed up the email with a telephone call to Rumes the same day to inform Rumes of the email

and offering to set an appointment to go over the Code. During that call, Rumes informed the Zoning Inspector that he intended to hire an attorney.

{¶7} On April 14, 2022, the Property Owners filed an appeal from the Zoning Inspector's email to the BZA pursuant to R.C. 519.15. R.C. 519.15 provides in relevant part that "[a]ppeals to the board of zoning appeals may be taken by any person aggrieved . . . by any decision of the administrative officer. Such appeal shall be taken within twenty days after the decision . . . ."

{¶8} The BZA held a public hearing on May 25, 2022. Rumes, Syms, the Zoning Inspector, and a member of the Zoning Inspector's staff, testified under oath. After the testimony, the BZA determined that the appeal was filed after the 20-day deadline set forth in R.C. 519.15, and therefore, had to be dismissed as untimely. Due to the determination that it lacked jurisdiction over the matter, the BZA did not address the merits of whether the Property no longer qualified as a non-conforming use.

{¶9} The Property Owners appealed to the Medina County Court of Common Pleas pursuant to the provisions of R.C. 2506.04. After reviewing the record and the parties' briefs, the trial court issued a decision, concluding that: (1) the Zoning Inspector's email to Rumes together with the Property Owners' contact with the zoning office on March 4, 2022, constituted a "decision" under R.C. 519.15; (2) Zoning Resolution Section 12.3(A)'s notice requirements were not applicable as this case did not involve a zoning violation; (3) Syms was not a Property Owner entitled to notice; and (4) the Property Owners received proper notice that satisfied due process. The trial court overruled the Property Owners' assignments of error and affirmed the decision of the BZA dismissing the Property Owners' appeal as untimely.

{¶10} The Property Owners now appeal, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE HINCKLEY TOWNSHIP BOARD OF ZONING APPEALS THAT THE PROPERTY OWNERS' R.C. 519.15 APPEAL WAS UNTIMELY.

{¶11} In their sole assignment of error, the Property Owners argue that the trial court erred by affirming the decision of the BZA. For the following reasons, this Court vacates the decision of the trial court and dismisses the appeal.

{¶12} In an administrative appeal under R.C. Chapter 2506, the common pleas court "is authorized to reverse a final decision of a board of zoning appeals if, after a review of the complete record, it finds that the board's 'decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'" *Willow Grove, Ltd. v. Olmstead Twp. Bd. of Zoning Appeals*, 2022-Ohio-4364, ¶ 16, quoting R.C. 2506.04. "The common pleas court's decision may then be appealed on questions of law." *Id.* Thus, "an appellate court's review of a common pleas court's decision on appeal from a zoning authority is 'narrower and more deferential to the lower court's decision.'" *Id.* at ¶ 17, quoting *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 2014-Ohio-4809, ¶ 25. "When reviewing a trial court's decision in an administrative appeal, this Court must determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence." *Penfield Twp. v. Shrader*, 2022-Ohio-2258, ¶ 11 (9th Dist.).

{¶13} The Property Owners first argue that the Zoning Inspector's email was not a "decision" for purposes of R.C. 519.15 because it was not an adjudication issued in connection

with or in response to an application or formal request of the Property Owners for a variance, permit, zoning certificate or any other administrative function, and was not a written order. The Property Owners argue that the email was an ad hoc observation about the status of the Property Owners' use that was not authorized by the Zoning Resolution, and therefore, was not an appealable decision under R.C. 519.15. The Property Owners also argue that the Zoning Inspector did not have the authority to determine that a particular piece of property no longer qualified as a non-conforming use. For the following reasons, this Court agrees.

{¶14} R.C. 519.15 allows an aggrieved party to appeal "any decision of an administrative officer" to the BZA. While that statute does not define the phrase "any decision," "all statutes which relate to the same general subject matter must be read *in pari materia*." *Johnson's Markets, Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35 (1991). R.C. 519.14 outlines the powers of the BZA. It provides that the BZA may "[h]ear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination *made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto*[.]" (Emphasis added.) R.C. 519.14(A)(1). The italicized language connotes official, formal action on the part of the administrative official. *See, e.g.*, *Overholt v. Emrick*, 2019-Ohio-1273, ¶ 8 (9th Dist.) (appeal from citation issued by zoning inspector for alleged violations of zoning resolution); *Smith v. Richfield Twp. Bd. of Zoning Appeals*, 2012-Ohio-1175, ¶ 3 (9th Dist.) (appeal from letter zoning inspector mailed to property owner, notifying owner of zoning violations and order a cease and desist); *N. Fork Properties v. Bath Twp.*, 2007-Ohio-243, ¶ 2-3 (9th Dist.) (appeal from zoning inspector's denial of application for variance). *See also Genoa Twp. Bd. of Trustees v. Martindale*, 2010-Ohio-2984, ¶ 34-53 (5th Dist.) (noting that appellants had administrative remedy in the form of an application for continuation of a

nonconforming use). An informal, advisory opinion as to whether property still qualifies as a non-conforming use is not an order, requirement, decision, or determination made by an administrative official in the enforcement of a regulation.

{¶15} In *Hinton v. Hine*, this Court considered the type of notice one must receive to trigger the filing deadline for an appeal of a zoning inspector's decision under R.C. 519.15. 1982 WL 4966 (9th Dist. Apr. 21, 1982). There, an applicant submitted a written application for a zoning certificate. The zoning inspector phoned the applicant to inform him the application was rejected. The inspector also mailed a written order to the applicant's attorney, explaining the reasons for the denial. The ultimate question that came before this Court was whether the zoning inspector's phone call had triggered the applicant's deadline for filing an appeal. In concluding that it did not, we held:

> where a statute authorizing an appeal from the decision "within twenty days after the decision" contains no express provision for notification *or the manner in which notification shall be made* we hold that notification for purposes of appeal is effective as of the date *the official decision is mailed to the appellant or his attorney* at the last known address of either.

(Emphasis added.) *Hinton* at *2, quoting R.C. 519.15. We concluded that the applicant's appeal had to be filed "within 20 days of the date when the official decision was mailed." *Id.*

{¶16} Here, the Zoning Inspector never issued any order, requirement, decision, or determination enforcing sections 519.02 to 519.25 of the Revised Code or any resolution adopted pursuant thereto. *See* R.C. 519.14(A). Even if he attempted to, there is nothing in the record that establishes that the Zoning Inspector had the unilateral authority to determine that the Property no longer qualified for a non-conforming use.

{¶17} Because a decision within the meaning of the statute was never issued, R.C. 519.15's 20-day filing deadline was never triggered. The trial court, therefore, should have

dismissed the Property Owners' attempted appeal because there was never a decision for the Property Owners to appeal to the BZA in the first place. Because there was no decision to appeal to the BZA, the BZA had no jurisdiction to issue a ruling. Without a proper ruling from the BZA, the trial court had nothing properly before it to either affirm or reverse.

{¶18} Simply put, because the Zoning Inspector never rendered a decision, the trial court had no jurisdiction to issue a ruling. The trial court's decision, therefore, is vacated and the appeal to this Court is dismissed.

III.

{¶19} The judgment of the Medina County Court of Common Pleas is vacated and the appeal is dismissed.

Judgment vacated,
and cause dismissed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JILL FLAGG LANZINGER
FOR THE COURT


HENSAL, J.
CONCURS.

STEVENSON, P. J.
DISSENTING.

{¶20} I must respectfully dissent from the majority's decision. First, it relies on an argument that the Property Owners did not make in the trial court. Second, it too narrowly construes the term "decision" under R.C. 519.15 to restrict the ability of property owners to administratively challenge local zoning officials' actions.

{¶21} The majority decides this matter under The Property Owners' first argument that the Zoning Inspector's email was not issued as part of an adjudication, formal application, or other official request, but instead, was an ad hoc observation about the status of the Property Owners' use which was not authorized by the Zoning Resolution, and therefore, the Zoning Inspector's email was not an appealable decision under R.C. 519.15. The Property Owners did not raise this argument in the trial court. It is being raised for the first time on appeal.

> When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal. The Ohio Supreme Court has stated that other than issues of subject matter jurisdiction, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. It is well established that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.

(Internal quotations and citations omitted.) *Harris v. Akron*, 2009-Ohio-3865, ¶ 9 (9th Dist.).

**{¶22}** Accordingly, due to the Property Owners' failure to raise this argument in the trial court, I would find that it is forfeited on appeal and cannot be considered. Because the Property Owners do not argue plain error, I would not construct an argument for them. *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 10 (9th Dist.).

**{¶23}** In reaching the merits of the case, I would not interpret R.C. 519.15 as narrowly as the majority does. "Questions of statutory interpretation present issues of law and necessitate a de novo standard of review." *Bank of New York v. Nutter*, 2020-Ohio-6988, ¶ 12 (9th Dist.), citing *State v. Sanders*, 2016-Ohio-8202, ¶ 4 (9th Dist.).

**{¶24}** The parties concede that the Ohio General Assembly did not define the term "decision" in R.C. 519.15, nor did it set forth the process and procedures regarding communication of decisions, such as the one here, that property no longer qualifies as a non-conforming use. R.C. 519.15 provides that "[a]ppeals to the board of zoning appeals may be taken by *any person aggrieved* or by any officer of the township affected by any decision of the administrative officer." (Emphasis added.). It does not limit those appeals to enforcement actions, zoning citations, decisions seeking variances, or any other specific type of decision made by a zoning official other than that the person appealing must be "aggrieved" by the action. Focusing on zoning officials' decisions that "aggrieve" parties would place the emphasis on permitting parties to utilize R.C. 519.15 when they believe they are harmed by governmental action rather than on the form of that harm. R.C. 519.15 contains no other limiting language as to the form of the "decision."

**{¶25}** Here, the Property Owners were sufficiently "aggrieved" by the Zoning Inspector's decision to visit the zoning office and speak with him. The Zoning Inspector told a prospective buyer of the Property that the Property had lost its liquor license and reverted to residential zoning,

and accordingly, the Property no longer qualified as a non-conforming use as a bar and would not be entitled to that use if the buyer bought the Property. Thus, the Zoning Inspector's warning interfered with the Property Owners' attempts to sell the Property and caused them harm that they wanted remedied.

{¶26}   The Zoning Inspector then told at least one of the Property Owners in writing that they were no longer permitted to use the Property as a bar because it was no longer a non-conforming use. When a zoning inspector informs an owner and prospective buyer that formerly permitted uses of a property are now forbidden, a property owner is "aggrieved." The fact that The Property Owners hired an attorney and filed an administrative appeal is clear proof that they felt aggrieved.

{¶27}   The majority turns to R.C. 519.14 to determine the meaning of "decision" under R.C. 519.15. I would find that R.C. 519.15 is not ambiguous and reference to other statutes is not necessary to determine its plain meaning. Even if I determined R.C. 519.15 was ambiguous, I would not find R.C 519.14 leads me to a different conclusion. In establishing the powers of a township board of zoning appeals, R.C. 519.14(A) provides that the BZA may "[h]ear and decide appeals where it is alleged there is error in *any order, requirement, decision, or determination made by an administrative official*…." (Emphasis added.)  The list of these multiple terms to describe matters that property owners may appeal to the BZA indicates that those matters are intended to be quite broad.  Moreover, "[w]hen a statutory term is not defined by statute, we apply the term's common meaning." *Ohio Power Co. v. Burns*,  2022-Ohio-4713, ¶ 23, citing *Stewart v. Vivian*, 2017-Ohio-7526,  ¶ 25. The noun "decision" means "the act or process of deciding"; "a determination arrived at after consideration"; "a report of a conclusion." Merriam-Webster Online, https://www.merriam-webster.com/dictionary/decision (accessed August 27, 2024).   In this

matter, it is clear that the Zoning Inspector, an administrative officer, reviewed the Zoning Code, applied it to the Property Owners' use of the property, and came to "a determination arrived at after consideration" and made "a report of [his] conclusion" that the use of the Property as a bar was no longer a non-conforming use. Because the Property Owners alleged that the Zoning Inspector erred when making this decision and were aggrieved by it, this is exactly the type of decision that R.C. 519.14(A) empowers the BZA to review. Property owners should have the ability to seek redress for erroneous decisions from over-zealous administrative officials under R.C.519.15 appeals.

{¶28} The majority cites *Hinton v Hines*, 1982 WL 4966 (9th Dist. Apr. 21, 1982) for the type of notice one must receive to appeal a decision of a zoning inspector under R.C. 519.15. In *Hinton*, this court concluded that an appeal had to be filed with the BZA within 20 days of the date the decision was mailed rather than the date a phone call giving notice of the decision was received. *Hinton* was decided in 1982, well before email was in common usage and is therefore not relevant to whether email or regularly mailed notice is required. Assuming that R.C. 519.15 requires a written decision, I would conclude that the Zoning Inspector's email constituted a written communication. As explained above, R.C. 519.15 is silent as to the form of the decision, and an email is a writing. Therefore, an email is an appropriate method to communicate a zoning inspector's decision. Due process concerns under R.C. 519.15 rightly focus on what a property owner knows, not whether that knowledge was delivered through a computer or a mailbox.

{¶29} I also believe that by denying property owners' administrative appeals from these type of decisions by zoning officials, we may be denying them any meaningful review of government overreach. Presumably, the other method to challenge this zoning official's decision would be a declaratory judgment action. However, the exhaustion of administrative remedies

doctrine is a well-established principle of Ohio law. *Waliga v Coventry Township*, 2004-Ohio-5683,¶ 12 (9th Dist.) citing *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29 (1980), citing *State ex rel. Lieux v. Westlake,* 154 Ohio St. 412, 415–16 (1951). Specifically, the administrative remedies doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter. *Id*.

{¶30}  Going forward, if a party attempts to follow the majority's decision and directly seeks to challenge a similar zoning official's decision in a declaratory judgment action, the trial court may rightfully dismiss the action for the property owner's failure to exhaust any administrative remedies. This may leave aggrieved parties without any method to challenge governmental overreach.  Further, as a matter of policy, administrative actions have the advantage of keeping oversight of zoning matters in a local BZA's purview in the first instance. Administrative actions before a local BZA serve to more easily address all the factors that may affect its constituent community and would likely be less expensive and time consuming for property owners. I believe it is better policy to broadly define the term "decision" under R.C. 519.15 as administrative actions that aggrieve parties under the plain language of the statute rather than the vaguely-defined "informal, advisory opinion" standard the majority seems to adopt.

{¶31}  Accordingly, based on the foregoing, I would find the trial court did not abuse its discretion because its ruling that the Zoning Inspector's email is an appealable decision under R.C. 519.15 was supported by a preponderance of reliable, probative, and substantial evidence. *Willow Grove, Ltd*., 2022-Ohio-4364, ¶ 16.

{¶32}  I would conclude that there are due process concerns regarding the Court' s finding as to the Notice received by 729 because the trial court found that Rumes represents 729 when

there was no evidence supporting that finding. I would therefore reverse the matter regarding 729

but would affirm as to Rumes. Thus, I respectfully dissent from the majority's decision.

APPEARANCES:

WILLIAM J. MUNIAK and MARYANN C. CHANDLER, Attorneys at Law, for Appellants.

S. FORREST THOMPSON, Prosecuting Attorney, and BRIAN M. RICHTER and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorneys, for Appellee.